### PENNSYLVANIA STATE POLICE, Petitioner,

v.

### The PENNSYLVANIA STATE TROOPERS ASSOCIATION (Trooper Robert K. Johnson), Respondents.

Commonwealth Court of Pennsylvania.

Argued May 5, 1997.

Decided July 24, 1997.

Joanna N. Reynolds, Harrisburg, for petitioner.

James L. McAneny, Harrisburg, for respondents.

Before DOYLE and PELLEGRINI, JJ., and MIRARCHI, Jr., Senior Judge.

DOYLE, Judge.

This is an appeal from an arbitrator's award which directed the immediate reinstatement of Trooper Robert K. Johnson, without payment of lost wages or benefits, to the Pennsylvania State Police (State Police).

The following facts are not in dispute. On December 18, 1995, Johnson attempted to leave a Clover Department Store without paying for merchandise valued at $27.58. Security personnel at Clover detained Johnson, and he was subsequently arrested by the Cheltenham Township police on a charge of retail theft, a summary offense. In exchange for Johnson paying Clover $177.00, Clover did not prosecute him, and Johnson never reported his arrest to his Commanding Officer, as is required by State Police regulations.

Johnson received a letter on June 27, 1996, advising him that he was dismissed from the State Police for violations of certain State Police regulations arising from the December 18th incident. Johnson grieved his dismissal on July 5, 1996 and, on August 21, 1996, a hearing was held. The arbitrator concluded that there was just cause to believe that Johnson had committed retail theft; however, he determined that there was not just cause for Johnson's discharge by taking into account numerous other cases where a trooper had committed more serious crimes but were only disciplined and not dismissed. As such, on October 14, 1996, the arbitrator issued the award of immediate reinstatement without payment of lost wages or benefits.

■ On appeal, the State Police argue that we should extend the "manifestly unreasonable" doctrine utilized in the Uniform Arbitration Act[1] to grievance arbitration awards involving police or fire personnel.[2] Applying the "manifestly unreasonable" doctrine to this case, the State Police contend, would leave us no choice but to reverse the arbitrator's award.[3]

In light of the Pennsylvania Supreme Court's decision in *Pennsylvania State Police v. Pennsylvania State Troopers' Association (Betancourt)*, 540 Pa. 66, 656 A.2d 83 (1995), we must reject the argument to extend the "manifestly unreasonable" doctrine to Act 111[4] cases. In *Betancourt*, the Supreme Court reversed two decisions of this Court which, in applying the "essence" test, reversed the arbitrators' awards that rein-

stated police troopers to the Pennsylvania State Police. This Court had noted that "[s]ubsumed within the essence test standard of review is the requirement that the arbitrator's interpretation of the agreement cannot be **manifestly unreasonable.**" *Pennsylvania State Police v. The Fraternal Order of Police (DiRaimo)*, 159 Pa.Cmwlth. 628, 634 A.2d 270 (1993) (emphasis added), *reversed on other grounds, Pennsylvania State Police v. Pennsylvania State Troopers' Association (Betancourt)*, 540 Pa. 66, 656 A.2d 83 (1995).

■ Rather, the Supreme Court held that narrow certiorari is the correct scope of review of grievance arbitration awards issued under the authority of Act 111. As such, courts are limited to reviewing questions concerning: (1) the jurisdiction of the arbitrators; (2) the regularity of the proceedings; (3) an excess of the arbitrator's powers; and (4) deprivation of constitutional rights.[5] *Betancourt* at 79, 656 A.2d at 90.

The Supreme Court went on to state in *Betancourt* that an arbitrator "may not mandate that an illegal act be carried out; he or she may only require a public employer to do that which the employer could do voluntarily." *Id.*

■ In the instant matter, the reinstatement of Johnson was an act that was not in contravention of a statute, and the parties do not dispute that the collective bargaining agreement provides that the arbitrator can modify the discipline imposed by the State

1. 42 Pa.C.S. §§ 7301–7320.

2. This Court has explained the "manifestly unreasonable" doctrine as follows:

> [where an arbitrator] finds that a public employee engages in outrageous conduct that amounts to or almost arises to the level of criminality, and the conduct of those employees is toward a group of people that they serve, protect, or have a special relationship to, or is a breach of a special trust, then it is 'manifestly unreasonable' to conclude that the public employer could have intended to bargain away its absolute responsibility to ensure the integrity of its agency, and thus, the arbitrator must affirm the dismissal once a finding of just cause has been made.
>
> *American Federation of State, County, and Municipal Employees Local 2026, District Council 83,*

*AFL–CIO v. Borough of State College,* 133 Pa. Cmwlth. 521, 578 A.2d 48, 51 (1990).

3. Johnson argues that the State Police have waived this argument on appeal because they did not raise it before the arbitrator. The State Police confined their argument during the grievance arbitration proceedings to justification for the penalty of dismissal, that is, whether there was just cause for the level of discipline imposed. The arbitrator held that the "manifestly unreasonable" doctrine is thus implied in the statement of the issue presented, and we agree.

4. Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. § 217.1–.10.

5. The only question presented in this appeal is whether the arbitrator exceeded his power in rendering his decision.

Police. Therefore, in applying the narrow certiorari scope of review, we conclude that the arbitrator's award is unassailable.

Accordingly, we affirm the arbitrator's award.

### ORDER

**NOW,** July 24, 1997, the order of the arbitrator in the above-captioned matter is hereby affirmed.

PELLEGRINI, Judge, concurring.

While I join with the majority because its legal analysis is correct, something is terribly wrong when the state police cannot fire a trooper who is a thief!

MIRARCHI, Senior Judge, joins in this concurring opinion.