CITY OF PITTSBURGH, Appellant,

v.

**FRATERNAL ORDER OF POLICE FORT PITT LODGE NO. 1.**

Commonwealth Court of Pennsylvania.

Argued Nov. 1, 2000.

Decided Dec. 15, 2000.

Hugh F. McGough, Pittsburgh, for appellant.

Michael S. Sherman, Pittsburgh, for appellee.

Before COLINS, Judge, LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

COLINS, Judge.

The City of Pittsburgh appeals the order of the Court of Common Pleas of Alleghe-

ny County affirming the decision of an arbitration panel to decline jurisdiction and rescind the termination of city police officer Donald Mitchell without a hearing on the merits on the ground that the Act 111 [1] arbitration hearing did not take place within 45 days of the request for arbitration as required under the terms of the collective bargaining agreement.

The City discharged Officer Mitchell effective December 22, 1998 after he admitted to stealing $835 from an unoccupied vehicle and failing to submit a report on the vehicle.[2] Officer Mitchell, through the Fraternal Order of Police Fort Pitt Lodge No. 1 (FOP), filed a grievance and requested review by a panel of arbitrators. By letter dated December 30, 1998, the City notified David Petersen that he had been chosen as the neutral arbitrator and requested that he submit available dates "in January or early February" for the arbitration hearing. Arbitrator Petersen (the arbitrator) suggested a hearing date of February 15, 1999, and the parties accepted that date.[3]

At the February 15 hearing, both sides raised procedural objections pertaining to the panel's jurisdiction, and the panel heard argument on the objections. Pertinent to this appeal are the objections of Mitchell and the FOP that the hearing was untimely because it was held beyond the 45–day period set forth in Section 19–8 of the collective bargaining agreement (CBA).[4] Before recessing to consider the objections, arbitrator Petersen advised the parties that according to the panel's understanding, if the City's objection was sustained, Mitchell's discipline would be final and not subject to further appeal, if the

FOP's objection was sustained, the discipline would be rescinded and if both objections were denied, the hearing would be reconvened. (Board of Arbitration decision, p. 2.) Neither party objected to the arbitrator's characterization of the issues. *Id.* The panel refused to consider additional arguments or evidence submitted after the hearing recessed. (Board of Arbitration decision, p. 2 fn.2.)

The arbitrators sustained the FOP's timeliness objection. It concluded that under the terms of Section 19–8 the arbitration hearing must be held within 45–days after the request for arbitration, and that the 45–day period should be measured in calendar days rather than working days based on the CBA's use of both "working days" and "days" when describing two different time periods in Section 19–8. The panel rejected the City's contention that the FOP's failure to object to the arbitrator's suggestion of February 15, 1999 as the date for the hearing constituted a waiver of the 45–day limitation. In so doing, the panel noted that based on representations at the hearing, the City had refused to recognize the FOP president or its counsel as having the authority to waive Section 19 time limits on behalf of a disciplined officer, and that it was undisputed that Officer Mitchell did not waive the time limits. The panel also noted that the City's letter requesting hearing dates did not request a date within a 45–day period. The trial court dismissed the City's petition to review and vacate the arbitrator's award, and it affirmed the arbitrators' decision.

---

1. Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §§ 217.1–217.10. Act 111 pertains to collective bargaining by police and firefighters.

2. Mitchell subsequently pleaded guilty to federal charges of stealing the money in the course of his employment.

3. Nothing in the record documents "acceptance" of this date. The City alleges that the

parties accepted the date, and the parties appeared before the panel on that date.

4. The City objected that no written grievance had been filed as required under Section 19–6 of the CBA. The panel ruled that the FOP "timely filed with the City a writing" that conveyed Mitchell's intent to appeal the discipline and to arbitrate the dispute and that the writing fulfilled the requirements of Section 19–6 of the CBA.

■ On appeal to Commonwealth Court, the City argues: 1) the City has a contractual right to proceed to arbitration on the merits; and 2) the arbitrator's acceptance of the timeliness objection after accepting the parties' consent to proceed with the hearing on February 15 resulted in an irregularity in the proceeding. In appeals of an Act 111 grievance arbitration, our scope of review is narrow certiorari, which permits an appellate court to consider 1) the arbitrator's jurisdiction; 2) the regularity of the proceedings; 3) an excess of the arbitrator's powers; or 4) deprivation of constitutional rights. *Pennsylvania State Police v. Pennsylvania State Troopers Association (Smith)*, 559 Pa. 586, 741 A.2d 1248 (1999) (citing *Pennsylvania State Police v. Pennsylvania State Troopers' Association (Betancourt)*, 540 Pa. 66, 656 A.2d 83 (1995)). An error of law alone is not sufficient to support a reversal of an arbitrator's award. *Id.* An appellate court may not disregard an arbitrator's findings of fact or contract interpretation if the arbitrator is even arguably construing or applying the contract and acting within the scope of his or her authority. *City of Philadelphia v. Fraternal Order of Police, Lodge No. 5*, 720 A.2d 811 (Pa.Cmwlth.1998).

■ First, the City argues that the arbitrator erred when it concluded that it lacked jurisdiction to hear this matter on the merits. In essence, this argument disputes the arbitrator's interpretation of the terms of the CBA and its application of those terms. The City argues that the parties satisfied the terms of Section 19–8 when they requested a hearing date in January or early February and subsequently agreed to proceed with the hearing on February 15, 1999. It further argues that unlike the unambiguous time limitations set forth in Sections 19–2 through 19–7, the forty-five day period in

Section 19–8 is not assigned to either party; therefore the arbitrator lacked the authority under the CBA to rescind the discipline on the ground that the City, as employer, failed to comply with the time limit.

■ An arbitrator acts within the scope of its authority in determining its own jurisdiction. *Township of Sugarloaf v. Bowling*, 563 Pa. 237, 759 A.2d 913 (2000). In concluding that it did not have jurisdiction, the arbitrator interpreted Section 19–8 of the CBA to provide that the hearing before the panel of arbitrators must take place within forty-five calendar days after the employee requests arbitration. Because the hearing did not take place within 45 calendar days in this case, the arbitrator applied Section 19–10 of the CBA and ruled that the discipline was rescinded.

Section 19–8 of the CBA[5] provides in pertinent part,

> The arbitrator will be notified of the days within a forty five day period on which the Parties will be available for an arbitration hearing. In addition, the panel arbitrators shall be notified that the Arbitration Board's decision must be issued in writing within five working days of the hearing, and a supporting opinion, if one is requested, may be issued within thirty days of the hearing.

Section 19–10 states, "If the Employer does not comply with any of the time limits specified above, the disciplinary action will be rescinded." As set forth in detail above, the arbitrator's· conclusion on this issue is based on a reasonable interpretation of the contract language and a rational analysis of the contract's distinction between "working days" and "days," the latter of which it interpreted to mean calendar days. As such, regrettably, we may

---

5. The Police Discipline Procedures in the CBA governing this matter are reproduced as Exhibit 2 attached to the FOP's petition to

vacate the arbitrator's award filed with the trial court.

not disregard the arbitrator's interpretation of the CBA or its application, despite the unpalatable result.[6]

■ Next, the City argues that the arbitrator's award in this case may be set aside because the arbitrator's consideration of the FOP's timeliness objection after the parties consented to proceed on February 15, 1999 constituted an irregularity in the proceeding. The City cites no authority for the proposition that the arbitrator's entertaining the FOP's objection to the timeliness of the hearing constitutes an irregularity in the proceeding. The FOP presented its objection at its first opportunity, and the arbitrator rejected the City's contention that the issue had been waived. The arbitrator noted that the City made an open request for a hearing date rather than requesting a date within a specified 45–day period. It found that Officer Mitchell had not waived the limitation and that based on representations made at the hearing, the City had previously refused to recognize the authority of FOP counsel to waive time limits on the grievant's behalf.

The arbitrator's consideration of the FOP's procedural objection does not constitute an irregularity in the proceeding. The arbitrator reasonably interpreted the terms of the CBA to place the burden of complying with the 45 day limit on the City; and we may not disregard its finding that Officer Mitchell did not waive the timeliness issue.

Accordingly, the order of the court of common pleas is affirmed.

6. See *Pennsylvania State Police v. Pennsylvania State Troopers Association (Smith)*, 698 A.2d 688 (Pa.Cmwlth.1997), affirmed, 559 Pa. 586, 741 A.2d 1248 (1999) (reinstated trooper who after drinking heavily pulled his service revolver and threatened to blow a woman's head off); *Pennsylvania State Police v. Pennsylvania State Troopers Association (Johnson)*, 698 A.2d 686 (Pa.Cmwlth.1997) affirmed, 559 Pa. 586, 741 A.2d 1248 (1999) (trooper reinstated after retail theft); *Pennsylvania State*

### ORDER

AND NOW, this 15th day of December 2000, the order of the Court of Common Pleas of Allegheny County is affirmed.

LEADBETTER, Judge, concurring.

I respectfully disagree with the majority's conclusion that the arbitrator's interpretation of the CBA in this case was reasonable. Indeed, I believe it was manifestly unreasonable. However, I agree that this issue is outside our scope of review, and therefore that we must affirm the order of the court of common pleas.

*Police v. Pennsylvania State Troopers' Association (Betancourt)*, 540 Pa. 66, 656 A.2d 83 (1995) (trooper reinstated after exposing his penis while on duty at troop headquarters during conversation with other troopers). Most particularly in *Smith*, we were bound to uphold the arbitrator's award of reinstatement even where we found it "incomprehensible" that an arbitrator would find no just cause for dismissal after such apparently egregious conduct.